**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

CAITLIN MARTIN, by and through her father
and guardian, John Martin, and
JOHN MARTIN and DAWN MARTIN, individually,

                        Plaintiffs,

v.                                           CIVIL NO. 06-15702
                                           HON. LAWRENCE P. ZATKOFF

TOYOTA MOTOR SALES, U.S.A., INC., a
California corporation, TOYOTA MOTOR NORTH
AMERICA, INC., a California corporation, and
TOYOTA MOTOR CORPORATION,
a Japanese corporation,

                        Defendants.
_____/

## OPINION AND ORDER

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on April 4, 2007

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I.  INTRODUCTION

This matter is before the Court on Defendants' motion to transfer venue filed on January 29,

2007.  On February, 28, 2007, the Court issued a show cause order regarding Plaintiffs' failure to

respond.  Plaintiffs filed a response on March 7, 2007.  Plaintiffs' attorney informed the Court that

he was unaware of the motion because he was not signed up for mandatory electronic filing, and

intended to sign up for it.  Defendants replied on March 19, 2007.  The Court finds that the facts and

legal arguments are adequately presented in the parties' papers and the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. MICH. LR 7.1(e)(2), it is hereby ORDERED that the motions be resolved on the briefs submitted. For the reasons set forth below, Defendants' motion is GRANTED.

## II.  BACKGROUND

On January 10, 2004, Plaintiffs' vehicle, a Toyota RAV4[1], collided head-on with another vehicle in Benzie County, Michigan. Benzie county is located in the northwest part of the state, in the Western District of Michigan. Witnesses indicated that the driver of the other vehicle drifted into Plaintiffs' lane. Plaintiff Caitlin, an eight-year old child, suffered severe injuries, including brain damage that will likely last her entire life. Plaintiffs allege that Caitlin's lap and shoulder belts were properly fastened, but were defective and failed to restrain her.

Plaintiffs originally filed suit in California state court. The California court dismissed the action for *forum non conveniens*, holding that Michigan was the appropriate forum for the action. Defendants' Exh. A. Plaintiffs filed the instant suit on December 22, 2006. Defendants filed a motion to transfer venue to the Western District of Michigan on January 29, 2007.

## III.  LEGAL STANDARD

28 U.S.C. § 1404(a) provides that "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The moving party bears the burden of showing that a transfer is warranted, and must make this showing by a preponderance of the evidence. *Amphion, Inc. v. Buckeye Elec. Co.*, 285 F. Supp. 2d 943, 946 (E.D. Mich. 2003). The Court has broad discretion to

---

[1]The RAV4 is a compact sports utility vehicle.

grant or deny a motion to transfer.  *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994).

# IV. ANALYSIS

The parties agree that the action could have been brought in the Western District of Michigan.  Thus, the issue is whether a transfer to the Western District would serve the interests of justice.  When making this determination, the Court must weigh:

(1) parties' convenience;

(2) witnesses' convenience;

(3) relative ease of access to sources of proof;

(4) availability of process to compel attendance of unwilling witnesses;

(5) cost of obtaining willing witnesses;

(6) practical difficulties associated with trying the case quickly and inexpensively; and

(7) interests of justice.

*Thomas v. Home Depot, U.S.A., Inc.*, 131 F. Supp. 2d 934, 936 (E.D. Mich. 2001).

*1.      The parties' convenience*

Generally, a plaintiff's choice of forum is given substantial deference.  *Sloan v. BorgWarner Diversified Transmission Prod.*, No. 06-10861, 2006 WL 1662634, *4 (E.D. Mich. 2006).  However, less deference is given when the plaintiff does not have a connection to the forum.  *Id.*   Plaintiffs reside in the Western District of Michigan, and their only connection to the Eastern District is their attorney, who has offices in Dearborn.  Plaintiffs argue that they will incur substantially greater legal fees if the action is tried in the Western District.  However, as Defendants note, this argument is somewhat belied by the fact that Plaintiffs originally filed suit in California.  If Plaintiffs had

3

sufficient resources to try the case in California, it would seem likely that they have sufficient resources to try the case in the Western District of Michigan. Defendants concede that their convenience does not favor either the Western or Eastern District. Thus, this factor does not favor either forum.

2.      *The witnesses' convenience*

The witnesses' convenience "is one of the most important factors in determining whether to grant a motion to change venue under § 1404(a)." *Thomas v. Home Depot, U.S.A., Inc.*, 131 F. Supp. 2d 934, 937 (E.D. Mich. 2001). Defendants have identified a number of witnesses who reside in the Western District of Michigan: David Cordell, the other driver in the accident; Steven and Carol Stocking, witnesses to the accident; emergency personnel and police officers who responded to the accident, and the medical personnel who provided initial treatment.

Plaintiffs argue that the Stockings, and two other witnesses, initially agreed to travel to California if needed; thus, traveling to Detroit would not be an inconvenience. Plaintiffs also argue that the testimony of the witnesses will be of relatively little importance. According to Plaintiffs, the key testimony will come from the experts and product engineers, and that it would be more convenient for them to travel to the Eastern District, because it contains a larger airport.

The Western District of Kentucky considered a similar issue in *Adams v. Honda Motor Co., Ltd.*, No. 3:05CV-120-S, 2005 U.S. Dist. LEXIS 27209 (W.D. Ky. 2005). The court held that:

> The plaintiff attempts to cast the litigation as solely relating to the design and purported failure of the seatbelt. However, [the defendant] contends that evidence relating to the accident is highly relevant as there is a question of fact as to whether Ashlie was wearing a seatbelt at the time of the accident. We cannot evaluate the evidence concerning this matter on a motion to transfer venue. However, it is of significance to this court that the documentary evidence submitted by [the defendant] suggests that such a factual issue indeed exists. This question as to the mechanisms of the accident and Ashlie's injuries makes transfer to Kansas all the more

4

compelling in this court's view.

*Id.* at *6.

The Court notes that although Defendants in the instant case claim there is an issue regarding whether Caitlin's lap and shoulder belts were properly fastened, they have not provided any evidence supporting this claim. Nevertheless, the Court finds the analysis of the *Adams* court persuasive and relevant to the facts of this case. Because all of the witnesses to the accident reside in the Western District, the Court finds that the witnesses' convenience favors a transfer.

3.    *Relative ease of access to sources of proof*

Plaintiffs note that the Toyota RAV4 is currently in the possession of their attorney in the Eastern District of Michigan. Plaintiffs also argue that engineering documents relevant to the case are located at Defendants' facility in the Eastern District.

However, Defendants note the Toyota Technical Center in the Eastern District is part of a separate corporate entity that is not involved in the instant case, and the RAV4 components at issue were designed in Japan. Neither party has specified where the RAV4 was manufactured.

As discussed above, the witnesses to the accident are located in the Western District, and any reports regarding the accident would be located there. Thus, this factor favors a transfer.

4.    *Availability of process to compel attendance of unwilling witnesses*

Defendants note that if a subpoena was necessary in the instant case, a court in the Western District would need to issue it. Plaintiffs argue that Defendants have not identified any unwilling witnesses. A general possibility of unwilling witnesses does not favor a transfer. *See Thompson*, 131 F. Supp. 2d at 940. Thus, this factor does not favor either forum.

5.    *Cost of obtaining willing witnesses*

5

Defendants argue that it will be costly for the witnesses to come to the Eastern District, as they all reside in the Western District.  Plaintiffs respond that it is cheaper for the out-of-state expert witnesses to come to the Eastern District, because of its larger airport.  The Court notes that the testimony of the first-hand witnesses is irreplaceable, while the parties have some flexibility in choosing their experts.  Thus, this factor favors a transfer.

6.    *Practical difficulties associated with trying the case quickly and inexpensively*

Neither party addressed this factor in their briefs.  Based on the information discussed above, the Court finds that this factor does not favor either forum.

7.    *Interests of justice*

Plaintiffs' primary argument for trying the case in the Eastern District is that their attorney is located here, and they will incur additional expenses if the case is tried in the Western District.  As discussed above, this argument is weakened by the fact that Plaintiffs originally filed suit in California.  The California court dismissed the action, noting that the RAV4 was sold in Michigan, the accident occurred there, and the witnesses were located there.  However, as Defendants note, the RAV4 was sold in the Western District, the accident occurred there, and the witnesses are located there.  Plaintiffs also reside in the Western District.  The only connection the case has to the Eastern District is Plaintiffs' attorney.  Based on the totality of the circumstances, the Court finds that Defendants have met their burden of showing that a transfer to the Western District of Michigan is warranted.

## V.  CONCLUSION

For the above reasons, Defendants' motion to transfer is GRANTED.  The case is

6

HEREBY TRANSFERRED to the Western District of Michigan.

IT IS SO ORDERED.

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated:  April 4, 2007

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on April 4, 2007.

s/Marie E. Verlinde
Case Manager
(810) 984-3290

7